FILED
SUPERIOR COURT
OF GUAM

2023 APR 24 AM 11: 24

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **GUAM DEPARTMENT OF EDUCATION,**<br><br>Petitioner,<br><br>vs.<br><br>**GUAM CIVIL SERVICE COMMISSION,**<br><br>Respondent,<br><br>and<br><br>**MARK J.S.N. TAISIPIC,**<br><br>Real Party in Interest. | **SPECIAL PROCEEDINGS CASE NO. SP0095-21**<br><br><br><br>**DECISION AND ORDER DENYING GUAM DEPARTMENT OF EDUCATION'S APPLICATION FOR ENTRY OF DEFAULT JUDGMENT** |

This matter came before the Honorable Dana A. Gutierrez on January 23, 2023 for a continued hearing on Petitioner Guam Department of Education's ("GDOE") Application for Entry of Default Judgment.[1] Present at both hearings was Attorney Jesse Nasis representing GDOE; and Real Party in Interest Mark J.S.N. Taisipic ("Taisipic") with his counsel Attorney Jacqueline Taitano Terlaje. Based on a review of the pleadings, the arguments of the parties, and the testimony provided at the hearings, the Court hereby **DENIES** GDOE's Application for Entry of Default Judgment and **GRANTS** Taisipic's Request for Leave to file his Answer and

---

[1] The first hearing on GDOE's Application for Entry of Default Judgment was December 14, 2022. Present at the December 14, 2022 hearing was Attorney Jesse Nasis and Attorney Christine Tenorio representing GDOE, Mark Taisipic with counsel Attorney Jacqueline Taitano Terlaje, and Attorney Eric Miller representing the Guam Civil Service Commission (the "CSC"). Attorney Eric Miller clarified that he was there to only observe the hearing on behalf of the CSC. On October 7, 2021, the CSC had filed a Notice of No Position stating that it "will not be taking a position in this litigation and will not be filing a reply herein." Notice of No Position, at 1 (Oct. 7, 2021).

1

Petition for Declaratory Relief.

## STIPULATED FACTS

GDOE and Taisipic filed a Stipulation of Facts for Evidentiary Hearing on Petitioner's Motion for Entry of Default Judgment (the "Stipulated Facts") on May 17, 2022.[2] The stipulated facts are as follows:

1.    On June 18, 2021, Petitioner filed its Petition for Judicial Review ("Petition"). A copy of the Petition was delivered to the Law Office of Jacqueline Taitano Terlaje, P.C. No copy was served upon Employee Taisipic on June 18, 2021. No summons was issued on June 18, 2021.

2.    On July 30, 2021, Petitioner filed a Request for Status Hearing ("Request"). A copy of the Request was delivered to the Law Office of Jacqueline Taitano Terlaje, P.C. No date for the hearing was set prior to delivery.

3.    On August 4, 2021, the Court issued a Notice of Remote Hearing for August 17, 2021 addressed to Legal Counsel for the Department of Education and Legal Counsel for Civil Service Commission.

4.    On August 5, 2021, Attorney Jacqueline Terlaje initiated communication with attorney Jesse Nasis regarding the intention of Employee Taisipic to retire. The communication included a letter from Attorney Jacqueline Terlaje to Attorney Jesse Nasis and a letter from Employee Mark Taisipic to the Superintendent of the

---

[2] The Court took notice that these facts were agreed upon by the parties at the January 23, 2023 hearing. Min Entry, at 1:41:11-1:41:19 PM (Jan. 23, 2023). The Stipulated Facts referred to exhibits, however for purposes of this Decision and Order, the Court did not include the citation to these exhibits as part of the recitation of the Stipulated Facts.

Department of Education, with a carbon copy notation to Attorney Jacqueline Terlaje as Employee's legal counsel.

5. On August 12, 2021, Attorney Nasis responded to the email inquiry, reminding Attorney Terlaje that GDOE was disputing the Civil Service Commission's decision involving Employee.

6. On September 30, 2021, Petitioner filed its Summons.

7. On September 30, 2021, a copy of the Summons was delivered to the Law Office of Jacqueline Taitano Terlaje, P.C.

8. On October 20, 2021, Attorney Terlaje initiated email communications with Attorney Nasis to confirm whether the Employee was served with the Summons.

9. No response was provided to the email inquiry dated October 20, 2021.

10. On November 11, 2021, process server Thomas Masga for and on behalf of the Petitioner served upon Employee Mark Taisipic the Petition and Summons.

11. On November 12, 2021, a Declaration of Service was filed in the Superior Court of Guam.

12. On December 10, 2021, Petitioner submitted its Application for Entry of Default Judgment.

13. On December 16, 2021, Superior Court of Guam Deputy Marshal Aaron Okada served Employee Mark Taisipic a copy of the Petitioner's Application for Entry of Default Judgment.

14. On December 16, 2021, Attorney Terlaje initiated email communication with Attorney Nasis acknowledging receipt of a copy of Petitioner's Application for Entry

3

of Default judgment and seeking an enlargement of time due to the exigent circumstances of Employee Taisipic.

15. No response was provided to the email inquiry dated December 16, 2021.

16. On December 22, 2021, the Law Office of Jacqueline Taitano Terlaje, P.C. entered appearance on behalf of employee, Mark Taisipic.

17. No entry of default has been entered by the Clerk of Court.

18. Petitioner seeks entry of default judgment.

19. Employee Taisipic seeks leave of Court to file his Answer.

## PROCEDURAL BACKGROUND

In addition to the Stipulated Facts, on December 22, 2021, Taisipic filed an Objection and Opposition to Application for Default Judgment and Request for Leave of Court (the "Objection and Request") and a Declaration of Mark J. S.N. Taisipic ("Decl. of Taisipic"), and a Declaration of Jacqueline T. Terlaje ("Decl. of Terlaje") in support. On January 12, 2022, GDOE filed a Reply to the Objection ("Reply") and a Declaration of Eileen Quitugua ("Decl. of Quitugua") and a Declaration of Thomas S. Masga ("Decl. of Masga") in support.

On April 22, 2022, GDOE filed an Application for Leave of Court to File Supplemental Declaration of Thomas S. Masga, and a Supplemental Declaration of Thomas S. Masga ("Supp. Decl. of Masga"). On May 26, 2022, Taisipic filed an Answer and Petition for Declaratory Relief. On June 3, 2022, GDOE filed an Application for Leave of Court to File Objection to Answer and an Objection to Answer.

On July 1, 2022, the Court issued an Order for Further Briefing. On August 1, 2022, Taisipic filed Further Briefing ("Taisipic's Further Briefing") and GDOE filed Briefing

Regarding Entry of Default. On December 12, 2022, the Court held a hearing on GDOE's Application for Entry of Default Judgment. A continued hearing on the Application was held on January 23, 2023. Upon hearing the parties' arguments and testimony, the Court took the matter under advisement.

**DISCUSSION**

The two issues before the Court are (A) whether to grant default judgment against Taisipic; and (B) whether to grant Taisipic's request for leave to file his proposed Answer and Petition for Declaratory Relief.

**A.     GDOE Applied for Entry of Default Judgment Against Taisipic**

GDOE applied for entry of default judgment against Taisipic because he did not appear or file "a written response to GDOE's Petition for Judicial Review and the time for doing so has now passed . . . ." App. for Default, at 2 (Dec. 10, 2021).

**1.     In GDOE's August 1, 2022 Briefing Regarding Entry of Default, GDOE Requested Its Application for Entry of Default Judgment Be Considered a Motion for Entry of Default**

After the June 29, 2022 hearing, the Court ordered the parties to provide further briefing on certain issues including "[w]hether obtaining entry of Default from the Clerk of Court pursuant to Rule 55(a) of the Guam Rules Of Civil Procedure ("GRCP") is a prerequisite to moving the Court to grant a default judgment." Order for Further Briefing, at 1-2 (July 1, 2022).

In response to the Court's Order, GDOE filed its Briefing Regarding Entry of Default on August 1, 2022. In this Briefing Regarding Entry of Default, GDOE acknowledged that default judgment is typically a "two step process . . . first, the entry of a default, and second, the entry of a default judgment." Briefing on Entry of Default, at 2 (Aug. 1, 2022) (quoting *City of New York*

5

*v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011)). GDOE also acknowledged that it had not previously requested an entry of default against Taisipic in this case prior to its Application for Entry of Default Judgment filed December 10, 2021. *Id.* at 2. However, GDOE claimed that "while GDOE did not request for entry of default from the Clerk of Court, consistent with relevant case law, GDOE requests for the motion for entry of default judgment to be construed as both a motion for entry of default by the Court and a motion for entry of default judgment by the Court . . . ." *Id.* at 3.

Also, in response to the Court's Order, Taisipic filed his Further Briefing on August 1, 2021. In his Further Briefing, Taisipic stated that "[u]nder the Guam Rules of Civil Procedure, Respondent Taisipic cannot identify any prerequisite of the Entry of Default prior to an application for default judgment." Further Briefing, at 6-7. Taisipic did not provide any case law on this issue in his Further Briefing or file any other pleadings on this topic.

### a. The Court Denies GDOE's Request and Finds that GDOE's Application for Default Judgment Is Premature

For default judgments, "[r]ule 55 provides a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment."[3] *Mickalis Pawn Shop,*, 645 F.3d at 129 (quoting *New York v. Green,* 420 F.3d 99, 104 (2d Cir. 2005)); An "entry of default . . . must precede grant of a default judgment." *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783 (8th Cir. 1998); *see Brooks v. United States,* 29 F. Supp. 2d 613, 618 (N.D. Cal.), *aff'd,* 162 F.3d 1167 (9th Cir. 1998) ("[D]efault judgment may be

---

[3] Guam's Rule 55 was adopted from Rule 55 of the Federal Rules of Civil Procedure. *See* GRCP Rule 55. "[B]ecause the Guam Rules of Civil Procedure are generally derived from, although not identical to, the Federal Rules of Civil Procedure ("FRCP"), federal decisions that construe the federal counterparts to theGuam Rules of Civil Procedure are persuasive authority." *Gov't of Guam v. O'Keefe on behalf of Heirs of Torres Est.,* 2018 Guam 4 ¶ 9 (citing *People v, Quitugua,* 2009 Guam 10 ¶ 10).

entered only upon the entry of default by the Clerk of the Court."); *Rowley v. Morant*, 276 F.R.D. 669, 670 (D.N.M. 2011) ("[T]he clear weight of authority holds that a party *must* seek entry of default by the clerk before it can move the court for default judgment."); *see also* 10A Charles Alan Wright et al., *Federal Practice & Procedure* § 2682 (4d ed.) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).")

Generally, courts deny an application for default judgment as premature when an entry of default by the clerk of court has not been entered. *See, e.g., Sun v. United States*, 342 F. Supp. 2d 1120, 1124 (N.D. Ga. 2004), *aff'd*, 151 F. App'x 860 (11th Cir. 2005) (finding that "the Plaintiff's Motion for Default Judgment is premature because he has failed to obtain the entry of default, a prerequisite to a default judgment."); *Bardfield v. Chisholm Properties Cir. Events, LLC*, 2010 WL 2278461, at *7 (N.D. Fla. May 4, 2010) ("As entry of default is a prerequisite to the default judgment, Plaintiffs' motion for entry of default judgment could be denied as premature."); *Ramada Franchise Sys., Inc. v. Baroda Enterprises, LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004) ("[A]n entry of default is a prerequisite to a default judgment. Thus, a default judgment cannot be granted until a default is entered by the Clerk.").

GDOE failed to properly take the first step in the two-step process of a default judgment, by not seeking an entry of default from the Clerk of Court prior to its Application for Entry of Default Judgment. *See* GRCP Rule 55; *Mickalis Pawn Shop*, 645 F.3d at 128. Now GDOE seeks for the Court to consider its Application for Entry of Default Judgment to be a motion for entry of default as well as default judgment. But due to the nature of GDOE's new informal request, as

7

part of the Court's request for further briefing, Taisipic did not have the opportunity to respond in writing to this requested "motion."

For the foregoing reasons, the Court hereby declines GDOE's request to consider its Application for Entry of Default Judgment as a motion for entry of default and default judgment. Furthermore, the Court notes that in Guam, default judgments are disfavored. *See Adams v. Duenas,* 1998 Guam 15 ¶ 10 (finding that default judgments are generally disfavored in Guam "because deciding cases on their merits is preferred."); *see Mariano v. Surla,* 2010 Guam 2 at ¶ 35 ("[W]henever possible, cases should be decided on their merits.").

Therefore, because GDOE has not properly sought an entry of default prior to its Application for Entry of Default Judgment, the Court finds its Application for Entry of Default Judgment to be premature and the Application is denied.

The Court now turns to whether the late filing of the Answer and Petition for Declaratory Relief should be accepted due to excusable neglect.

## B.    Taisipic Requests Leave to File His Answer to GDOE's Petition

In Taisipic's Objection and Request, Taisipic requested "that the Court allow him additional time to file his answer due to the excusable neglect of missing the deadline set forth in the summons." Objection and Req., at 3.

### 1.    Taisipic's Request for Leave Is Warranted Due to Excusable Neglect

The enlargement of time for filing briefings and papers is governed by GRCP Rule 6(b) which states:

> [w]hen by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made

after the expiration of the specified period permit the act to be done where the failure to act was the result of *excusable neglect*[.]

GRCP Rule 6(b) (emphasis added).

Under Rule 6(b), excusable neglect is a "somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 391-92 (1993). The factors to consider include "the danger of prejudice to the opposing party, the length of the delay, the impact of the length of delay on the judicial proceedings, the reason for the delay, and the good faith of the party." *Id.* at 395. Ultimately, "the determination is at the bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Kettle Range Conservation Grp. v. U.S. Forest Serv.,* 8 F. App'x 729, 731 (9th Cir. 2001); *see Jackson v. Norman,* 264 F. App'x 17, 20 (1st Cir. 2008) ("The district court is afforded great leeway in granting or refusing enlargements . . . .").

GDOE claims that Taisipic's attorney had "ample time to file a response to the petition" and alleges that "Taisipic and his attorney chose to ignore their obligations at their own peril," which is "not excusable." Reply at 7-8. GDOE claims that Taisipic had "notice" about these proceedings prior to the personal service on Taisipic on November 11, 2021, and refers to the service of the Petition on "Taisipic's attorney" on June 18, 2021, and service of the Summons and Petition "to Taisipic via Taisipic's attorney on September 30, 2021." Reply, at 1-6; Decl. of Quitugua, at 2.

In the Objection and Request, Taisipic refutes the earlier alleged service attempts and claims that "[n]o service of the summons was made prior to November 11, 2021. . . ." Objection and Req., at 2. Taisipic acknowledges that he did not file anything until December 22, 2021. *Id.*

9

at 2. However, due to the nature of the circumstances surrounding the service and response time, Taisipic claims that there was "good cause for the delay" and requests "that the Court allow him additional time to file his answer due to the excusable neglect of missing the deadline set forth in the Summons." Objection and Req., at 2-3.

With regard to the good cause for the delay, Taisipic claims that he returned to Guam on November 5, 2021 after "seeing [his] mother alive for the last time" and the next day, November 6, 2021, he was contacted by the process server, Thomas Masga. Decl. of Taisipic, at 1-2; Objection and Req. at 2. During this contact, Taisipic informed Masga that his "mother had died" and that he "was making arrangements for the return of the remains of [his] mother and would be shortly arranging for her funeral." Decl. of Taisipic, at 1-2; Objection and Req., at 2.

At the January 23, 2023 hearing, Masga confirmed that Taisipic informed him over the phone that there "was a death in the family and that he needed to make arrangements." Min. Entry, at 1:59:37-1:59:46 PM (Jan. 23, 2023).

After the personal service on November 11, 2021, Taisipic claims he "did not read the documents" due to his grief of his mother's passing and being focused on "burial and funeral arrangements" which were delayed due to COVID-19. Objection and Req., at 3; Decl. of Taisipic, at 1-2; Min Entry, at 2:27:26-2:28:13 PM (Jan. 23, 2023). In addition to the funeral arrangements, Taisipic claims that he was also taking care of his father "who suffers from dementia" and "PTSD." Decl. of Taisipic, at 2; Min Entry, at 2:30:10-2:31:13 PM (Jan. 23, 2023). Thus, Taisipic claims that based on these circumstances, he "shelved" the documents and did not read them until after he was served the Application for Entry of Default Judgment on December 16, 2021, which was six days after his mother's funeral on December 10, 2021. Min

Entry, at 2:28:13-2:42:33 PM (Jan. 23, 2023). Taisipic then claims that he reached out to Attorney Terlaje, who contacted GDOE's counsel for an extension to file a response. Decl. of Taisipic, at 2. After receiving no response from GDOE's counsel, Taisipic filed the Objection and Request on December 22, 2021. *Id.* at 1-2.

Thus, with regard to this delay, Taisipic claims that he "did not willfully intend to disregard the times set forth in the summons, but was not in an emotional state to which he acknowledged the significance of the documents served upon him." Further Briefing, at 5. Instead, Taisipic alleges that "[i]mmediately upon receipt of the application for default" he sought an extension of time from GDOE and then "promptly" sought "relief" and for the Court to "enlarge time to file his Answer." *Id* at 5; Objection and Req., at 2-3.

a. **The Court Finds Taisipic's Untimely Filing to Be the Result of Excusable Neglect And Grants His Request to File An Untimely Answer**

Taisipic was not personally served with the Summons and Petition until November 11, 2021. *See* GRCP Rule 4; Stip. of Facts, at 2 (May 17, 2022). Therefore, based upon this personal service, a response was due on December 1, 2021. *See* GRCP Rule 12(a); Summons (Sep. 30, 2021). Taisipic did not file his Objection and Request until December 22, 2021, twenty-one (21) days after the due date.[4]

Despite the twenty-one (21) day delay, upon consideration of the circumstances surrounding the service, including the burial of Taisipic's mother and taking care of his father,

---

[4] Although Taisipic did not file a formal motion for this request for leave to file an untimely response pursuant to GRCP Rule 6(b), the Court finds that Taisipic included the request in his initial filing, the Objection and Request. GDOE had multiple opportunities to respond to this request and did address this issue, including in their Reply filed January 12, 2022, the Objection to Answer and Petition for Declaratory Relief filed June 3, 2022, and the Briefing Regarding Entry of Default filed August 1, 2022. Therefore, the Court finds that the request to file an answer, although not stated as a motion, has been properly addressed by the parties in the filings and proceedings before the Court.

---

the Court finds that Taisipic had good reason for the delay and that any prejudice incurred by the delay was minimal. *See Mommaerts v. Hartford Life & Acc. Ins. Co.*, 472 F.3d 967, 968 (7th Cir. 2007) (finding that sixteen (16) day delay "was short" and neglect was "excusable"); *Arora v. Kharat*, 2021 WL 2712055, at *2 (N.D. Ill. 2021) (finding that a late filing of twenty-four (24) days was due to "excusable neglect" when it was caused by defense's counsel's increased workload related to brother's illness); *Fed. Deposit Ins. Corp. v. First One Grp., LLC*, 2014 WL 12742681 at *2 (N.D. Ga. 2014) (finding that even a nine (9) month delay was excusable when it did not materially impact the proceedings). Further, the Court finds that Taisipic did not act in bad faith as he filed his Objection and Request shortly after seeking an extension from GDOE's counsel and receiving no answer. *See Mattress Giant Corp. v. Motor Advert. & Design Inc.*, 2008 WL 898772 at *2 (N.D. Tex. 2008) (finding that an attempt to work with opposing counsel for extension of time demonstrated good faith). Therefore, based on the circumstances and facts presented to the Court, the Court finds Taisipic's twenty-one (21) day delay in responding to the Petition excusable.

## CONCLUSION

Based upon the foregoing reasons, the Court **DENIES** GDOE's Application for Entry of Default Judgment, and hereby **GRANTS** Taisipic's Request for Leave of Court to file his Answer and Petition for Declaratory Relief. Any response to Taisipic's Answer and Petition for Declaratory Relief shall be filed as directed under GRCP Rule 12(a).

**SO ORDERED**: _____APR 2 4 2023_____

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
*desu Nasis, Eric Miller,*
*Jacquline Terlaje*
Date: 4/24/23 Time: 11:36a
*Cut*
Deputy Clerk, Superior Court of Guam

_____
**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**

12